FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
7/30/2021 4:43 PM
JAMIE SMITH
DISTRICT CLERK
B-208045

CAUSE NO. _____

| | | |
|---|---|---|
| **BRANDON WALKER AND JAMES BOWERS,** | § § § | IN THE DISTRICT COURT |
| *Plaintiffs,* | § § | |
| v. | § § | OF JEFFERSON COUNTY, TEXAS |
| | § § | |
| **RESINALL CORPORATION, ERGON TRUCKING, INC., ERGON, INC., AND THOMAS WILLIAM PADDOCK** | § § § § | |
| *Defendants.* | § | \_\_\_\_\_ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **BRANDON WALKER AND JAMES BOWERS**, Plaintiffs in the above-numbered and entitled cause of action (hereinafter referred to as "Plaintiff"), and files this Original Petition complaining of Defendants, **RESINALL CORPORATION, ERGON TRUCKING, INC., ERGON, INC., AND THOMAS WILLIAM PADDOCK** (hereinafter "Defendants") and would respectfully show unto the Court as follows:

### PARTIES

1. Plaintiff are individuals residing in Harris County, Texas.

2. Defendant **RESINALL CORPORATION** (hereinafter referred to as Defendant "**RESINALL**") is a corporation organized under the laws of a state other than Texas. It has at all times material hereto done business in the State of Texas and is now doing business in the State of Texas, and this Defendant does not maintain a regular place of business in this state and does not have nor has appointed a registered agent in this state upon whom service may be made upon causes of action arising out of such business done in this State, and this Defendant did not have

I CERTIFY THIS IS A TRUE COPY
Witness my hand and seal on this
August 12, 2021
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
*Jamie Smith*   Page 1 of 7

Plaintiff's Original Petition
SERVICE@JKSLEGAL.COM

Page 1 of 7

**EXHIBIT A2**

nor appoint a registered agent in this state upon whom service may be made at the time of the acts which are the basis of this lawsuit; therefore, pursuant to §17.044 of the TEXAS CIVIL PRACTICES AND REMEDIES CODE, such acts shall be deemed as appointment by such nonresident Defendant, of the Secretary of State of Texas upon whom service may be had for acts arising out of such business made the basis of such lawsuit, and the Secretary of State may be served at **Service of Process, Secretary of State, P.O. Box 12079, Austin, Texas 78711-2079**. The Secretary of State will then forward a copy of such process, certified mail, return receipt requested, to the address of the defendant at **P.O. BOX 1639 JACKSON, MS 39215-1639**. In compliance with TEX. CIV. PRAC. & REM. CODE §17.045 (Vernon 1986), the home or home address of the non-resident Defendant is: **P.O. BOX 1639 JACKSON, MS 39215-1639**. A citation is requested at this time.

3. Defendant **ERGON TRUCKING, INC.** (hereinafter referred to as Defendant "**ERGON TRUCKING**") is a for-profit corporation doing business in the State of Texas. Defendant **ERGON TRUCKING** may be served with process herein by serving its registered agent for service, C T CORPORATION SYSTEM, 1999 BRYAN ST., STE 900, DALLAS, TXAS 75201. A citation is requested at this time.

4. Defendant **ERGON, INC.** (hereinafter referred to as Defendant "**ERGON**") is a for-profit corporation doing business in the State of Texas. Defendant **ERGON** may be served with process herein by serving its registered agent for service, C T CORPORATION SYSTEM, 1999 BRYAN ST., STE 900, DALLAS, TXAS 75201. A citation is requested at this time.

5. Defendant **THOMAS WILLIAM PADDOCK** (hereafter also referred to as Defendant "**PADDOCK**"), is an individual residing in Purvis, Mississippi. Defendant may be served with process herein by serving the Chairman of the Texas Transportation Commission as

I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
August 12, 2021
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
Jamie Smith  Page 2 of 7

follows: **J. Bruce Bugg, Jr., Chairman, Texas Transportation Commission, 125 E. 11th Street, Austin, Texas 78701-2483**. Service upon the Chairman of the Texas Transportation Commission is proper pursuant to § 17.062 TEXAS CIVIL PRACTICE AND REMEDIES CODE because this cause of action grew out of a collision and/or accident in which nonresident Defendant **PADDOCK** was involved while operating a motor vehicle within the State of Texas. A citation is requested at this time.

## JURISDICTION AND VENUE

6.   This Court has jurisdiction over the parties and the subject matter of this action as Plaintiff seeks damages in an amount within the jurisdictional limits of this Court.

7.   Venue is proper in Jefferson County, Texas, pursuant to TEX. CIV. PRAC. & REM. CODE § 15.002 in that the incident made the basis of this lawsuit in occurred in Jefferson County, Texas.

## DISCOVERY LEVEL

8.   Plaintiffs intend to conduct discovery pursuant to Rule 190 of the Texas Rules of Civil Procedure, Level Two (2).

## FACTUAL BACKGROUND

9.   On or about January 15, 2020, Plaintiffs were traveling on IH-10 near mile post 843 in the inside lane of travel. At the same time, Defendant **PADDOCK** was also traveling on IH-10 near mile post 843 in the inside lane of travel, immediately behind Plaintiffs' vehicle. As Plaintiffs slowed down and came to a stop because of traffic in front of them**,** Defendant **PADDOCK** suddenly and without warning, violently crashed into the rear of Plaintiffs' vehicle pushing Plaintiffs' vehicle into the vehicle in front of them. Defendant **PADDOCK** was in the course and scope of his employment with Defendant **ERGON TRUCKING,** Defendant **ERGON,** and

I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
August 12, 2021
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
Page 3 of 7

Plaintiffs' Original Petition                                                                                                                                      Page 3 of 7
SERVICE@JKSTXLEGAL

**EXHIBIT A2**

Defendant **RESINALL**. The collision was proximately caused by Defendant **PADDOCK's** negligence and/or *negligence per se,* and as a result of the collision, Plaintiffs were injured.

## NEGLIGENCE

10. On the occasion in question, Defendant **PADDOCK** was negligent in one or more of the following respects:

    a. failing to keep a proper lookout;

    b. failing to brake to avoid the collision;

    c. failing to apply his brakes in a timely manner;

    d. driving at a rate of speed in excess of the speed that a reasonably prudent person in the same or similar circumstance would have driven;

    e. failing to control his speed;

    f. failing to steer to avoid the collision; and

    g. failing to control his vehicle.

Each of the foregoing acts, alone or in combination with the other, constitutes negligence and a violation of Defendant **PADDOCK**'s duty of care to Plaintiffs, which proximately caused the occurrence in question, and Plaintiffs' damages.

## RESPONDEAT SUPERIOR

11. On the occasion in question, Defendant **PADDOCK** was in the course and scope of his employment with Defendant **ERGON TRUCKING,** Defendant **ERGON,** and Defendant **RESINALL** Defendant **ERGON TRUCKING,** Defendant **ERGON,** and Defendant **RESINALL** are therefore vicariously liable for the negligence of Defendant **PADDOCK** pursuant to the doctrine of *respondeat superior.*

## DAMAGES



Plaintiffs' Original Petition   Page 4 of 7
SERVICE@JKSLEGAL

12. As a direct and proximate result of the negligence of Defendants, Plaintiffs were injured. Further, to the extent, if any, that Plaintiffs suffered from any pre-existing conditions, if any, the collision, at a minimum, aggravated and/or worsened such conditions to the point that they became symptomatic or more symptomatic than they were before the collision. The negligence of Defendants has proximately caused Plaintiffs to suffer the following elements of damages in the past and Plaintiffs will, in all reasonable probability continue to suffer such elements of damage in the future:

   a)   medical care and expenses;

   b)   physical and mental pain and anguish;

   c)   physical impairment;

   d)   disfigurement; and

   e)   loss of wage-earning capacity.

Plaintiffs have suffered damages from Defendants' wrongful conduct described herein. As discussed in this Petition, Plaintiffs have suffered not only easily quantifiable economic damages but also other forms of damages such as mental anguish and pain and suffering and will likely continue to suffer these damages in the future.  Both the Constitution of the United States and the Constitution of the State of Texas provide Plaintiffs with the inalienable fundamental right to have their case heard and decided by a jury of their peers at trial. In accordance with these fundamental rights, it will ultimately be the responsibility and province of a jury of Plaintiffs' peers to decide the economic value of the damages Plaintiffs suffered as a result of Defendants' wrongful actions and omissions which form the basis of this lawsuit. However, as Plaintiffs are required by law to state the maximum amount of damages they are seeking, Plaintiffs believe that when the totality of their damages are considered, along with the wrongful nature of Defendants' conduct, it is

I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
August 12, 2021
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
Jamie Smith   Page 5 of 7

Plaintiffs' Original Petition                                                                 Page 5 of 7
SERVICE@JKSLEGAL

EXHIBIT A2

possible that a jury may ultimately decide that Plaintiffs' damages exceed one million dollars. Plaintiffs therefore sue for a sum in excess of one million dollars, to be determined by the jury in its sole discretion.

## JURY DEMAND

13.     Pursuant to Rule 216 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiffs demand trial by jury and tender the jury fee along with this filing.

## RULE 193.7 NOTICE

14.     You are hereby given notice pursuant to TEXAS RULE OF CIVIL PROCEDURE 193.7 of Plaintiffs' intent to offer any and all documents produced by Defendant in response to any discovery request as evidence in any pretrial proceeding or at trial.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully pray that Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiffs against Defendants for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiffs may be entitled at law or in equity.

*(SIGNATURE BLOCK ON NEXT PAGE)*



I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
August 12, 2021
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
Page 6 of 7

Plaintiffs' Original Petition                                   Page 6 of 7
SERVICE@JKSLEGAL

**EXHIBIT A2**

Respectfully submitted,

**JOHN K. ZAID & ASSOCIATES**

By: _____R Bill_____
     **JOHN K. ZAID**
     State Bar No. 24037764
     john@zaidlaw.com
     **RYAN E. BILL**
     State Bar No. 24087038
     ryan@zaidlaw.com
     16951 Feather Craft Lane
     Houston, Texas 77058
     Telephone: (281) 333-8959
     Facsimile: (888) 734-1236
     E-Service: service@jkz.legal

**J. D. SILVA & ASSOCIATES, PLLC**

     **JOHNATHAN D. SILVA**
     State Bar No. 24097258
     Email: johnathan@jdsilvalaw.com
     9307 Broadway Street, Suite 303
     Pearland, Texas 77584
     Telephone: (281) 971-3200
     Facsimile: (877) 993-8337

**ATTORNEYS FOR PLAINTIFF**

I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
August 12, 2021
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
Jamie Smith   Page 7 of 7
SERVICE@JKZ.LEGAL

**EXHIBIT A2**

# EXHIBIT A2